**Willie Ray MAZON, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 04–5094.

United States Court of Appeals, Federal Circuit.

Oct. 5, 2004.

Rehearing Denied Dec. 2, 2004.

Kent G. Huntington, David M. Cohen, Deborah A. Bynum, Washington, DC, for Defendant–Appellee.

Willie Ray Mazon, Converse, TX, for Plaintiff–Appellant.

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Willie Ray Mazon appeals from the decision of the United States Court of Federal Claims dismissing his complaint as barred by the statute of limitations. *Mazon v. United States,* No. 03–264C (Fed.Cl. March 17, 2004). We *affirm.*

## BACKGROUND

Mr. Mazon enlisted in the United States Army on August 12, 1976. Two months later his commanding officer recommended that Mazon be discharged from the Army for attempting to "manipulate" a psychiatrist, performing marginally, failing to obey rules, refusing to report for detail, and displaying a lack of self-discipline and respect for regulations. The commanding officer also submitted a Report of Medical Status Evaluation, which documented Mazon's psychological problems. On November 12, 1976, Mazon was involuntarily separated from the Army and given an honorable discharge.

In 1989, Mazon filed a claim for service-connected disability at the United States Department of Veterans Affairs ("VA"). The VA regional office denied that claim, but in 1990 the Board of Veterans' Appeals granted service connection for an acquired psychiatric disorder.

Nearly one year later, Mazon applied to the Army Review Boards Agency ("ARBA") for review of the circumstances of his discharge. The Army Discharge Review Board ("ADRB"), a component of the ARBA, received Mazon's application on November 19, 1991, but did not process the request because it had not been received within fifteen years from the date of Mazon's discharge from the Army. Mazon received notification of the ADRB's denial of his application in March 1992.

Mazon subsequently applied to the Army Board for the Correction of Military Records ("ABCMR"), requesting that his military records be corrected to show that he was separated from the Army due to a physical disability. In November 1994, the ABCMR denied Mazon's application as barred by the applicable statute of limitations. The ABCMR explained that Mazon had failed to file a request for correction within three years from the date of his discharge from the Army and that he had failed to demonstrate that it would be in the interest of justice to excuse his failure to apply within the time allotted. Mazon requested reconsideration of the ABCMR decision in August 1998 and again in August 2002, but the ABCMR denied Mazon's request on both occasions.

In February 2003, Mazon filed a complaint against the United States in the Court of Federal Claims. He sought correction of his military records to indicate that he had been separated from the Army due to a disability, back pay and related benefits, and $4.4 billion in damages for a related discrimination claim. In March 2004, the Court of Federal Claims granted the government's motion to dismiss Mazon's complaint on the ground that the complaint was barred by the six-year statute of limitations prescribed by 28 U.S.C. § 2501 and therefore was beyond the court's subject matter jurisdiction.*

Mazon timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a Court of Federal Claims' dismissal of a complaint for lack of juris-

---

* The court also denied Mazon's request to amend his complaint to allege a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (2000). Mazon does not contest that decision on appeal.

diction *de novo. Frazer v. United States,* 288 F.3d 1347, 1351 (Fed.Cir.2002).

On appeal, Mazon argues that the Court of Federal Claims erred in dismissing his complaint. He asserts that the statute of limitations should not apply because he was deprived of his rights and privileges. Mazon also maintains that the ABCMR should not have denied his application for correction of his military records simply because he did not submit the application within the required time. The government responds that the court was correct to dismiss Mazon's complaint as barred by the six-year statute of limitations because Mazon's cause of action accrued no later than March 1992 and there was no reason to toll the statute of limitations.

We agree with the government that the Court of Federal Claims did not err in dismissing Mazon's complaint. The applicable statute of limitations provides that: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2000). A cause of action accrues when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." *Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003) (en banc) (citation omitted). A claim for disability retirement pay or disability retirement status accrues when there has been a final decision or, upon request, a refusal to act by a proper board. *Real v. United States,* 906 F.2d 1557, 1560 (Fed.Cir.1990).

In this case, the Court of Federal Claims determined that Mazon's claims accrued no later than March 1992, when the ADRB issued its final decision refusing to review Mazon's discharge. That event triggered the limitations period because it was the first board decision either to hear or to refuse to hear Mazon's claim for review of his discharge from the Army. *See id.* Mazon does not challenge the court's treatment of the March 1992 date as the date when his claims accrued. Mazon then had six years in which to file a claim in the Court of Federal Claims. *See* 28 U.S.C. § 2501. However, because Mazon did not file his complaint in that court until February 2003, the court properly determined that his claims were barred by the statute of limitations.

In his informal brief on appeal, Mazon does not offer any specific reason for tolling the statute of limitations. Instead, he states only that he has no memory of ever being in the Army in 1976, possibly suggesting that he was unaware of his cause of action due to mental illness. However, the Court of Federal Claims explained in great detail that Mazon had failed to establish that the limitations period should be tolled due to legal disability. Specifically, the court identified several facts in the record showing that neither Mazon's lack of memory nor his mental illness prevented him from pursuing administrative remedies and that, by filing claims for disability benefits and appeals with various agencies, he demonstrated an ongoing ability to pursue such remedies. We therefore conclude that the Court of Federal Claims did not err in holding that the statute of limitations should not be tolled in this case.

Finally, Mazon suggests that the ABCMR should not have denied his application for correction of his military records due to his failure to submit the application within the applicable three-year limitations period. However, the ABCMR's underlying decision not to consider the merits of Mazon's application is not before us. We may only review the Court of Federal Claims' decision to dismiss Mazon's complaint under 28 U.S.C. § 2501, and we affirm that decision.

We have considered Mazon's remaining arguments and find them unconvincing.

## CONCLUSION

For the foregoing reasons, we affirm the Court of Federal Claims' dismissal of Mazon's complaint as barred by the statute of limitations.