NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5049

WILLIE RAY MAZON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Willie Ray Mazon, of La Grange, Texas, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: United States Court of Federal Claims

Judge Francis M. Allegra

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5049

WILLIE RAY MAZON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case no. 06-518C, Judge Francis M. Allegra.

DECIDED:  August 5, 2008

Before MICHEL, <u>Chief Judge</u>, RADER and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Willie Ray Mazon appeals from the final decision of the United States Court of Federal Claims dismissing, as barred by res judicata and the applicable statute of

limitations, his complaint seeking disability retirement pay. <u>Mazon v. United States</u>, No. 06-518C (Ct. Fed. Cl. Jan. 9, 2008) ("<u>Mazon III</u>"). We <u>affirm</u>.

DISCUSSION

I.

On August 12, 1976, Mr. Mazon enlisted in the United States Army ("Army"). <u>Mazon v. United States</u>, No. 03-264C, slip op. at 3 (Ct. Fed. Cl. Mar. 18, 2004) ("<u>Mazon I</u>"). Within two weeks of his enlistment, Mr. Mazon reported suffering psychotic symptoms. <u>Id.</u> at 3–4. A Medical Evaluation Board provisionally diagnosed Mr. Mazon as suffering from a "'schizophrenia reaction.'" <u>Id.</u> at 4. Within a week of his diagnosis, however, Mr. Mazon reported that he no longer suffered psychotic symptoms and expressed an interest in returning to duty. <u>Id.</u> The Army agreed to a trial period of duty, wherein Mr. Mazon's service would be evaluated. <u>Id.</u>

During the trial period of duty, on October 13, 1976, Mr. Mazon's commanding officer recommended that he be discharged from service. <u>Id.</u> The commanding officer reported that Mr. Mazon had engaged in various acts of insubordination and had attempted to manipulate a psychiatrist in order to obtain a medical discharge. <u>Id.</u> On November 12, 1976, Mr. Mazon was involuntarily separated and given an honorable discharge. <u>Id.</u> at 5.

On November 19, 1991, the Army Review Board Agency ("ARBA") received an application from Mr. Mazon seeking review of his discharge. <u>Id.</u> at 6. The Army Discharge Review Board ("ADRB"), a component of the ARBA, declined to consider the application, however, as it was received outside of the fifteen year regulatory limitations

period established by Army Regulation 15-180.[1]  Id.  The ADRB returned Mr. Mazon's application to him on or around March 11, 1992.  Id.  Mr. Mazon received ADRB's letter notifying him of its inability to consider his application on March 16, 1992.  Id.

On August 11, 1992, Mr. Mazon applied to the Army Board for the Correction of Military Records ("ABCMR") seeking to have his service records changed to reflect a medical discharge on the basis of physical disability.  Id. at 6–7.  On November 23, 1994, the ABCMR denied Mr. Mazon's application, concluding that it was untimely under a regulatory three year limitations period for seeking the correction of military records.  Id. at 7; see 32 C.F.R. § 581.3(d)(2) (2007).  The ABCMR pointed out that the application had been filed roughly eighteen years after Mr. Mazon's discharge.  Mazon I, slip op. at 7.  The ABCMR also concluded that Mr. Mazon had not demonstrated that it would be in the interest of justice to excuse his failure to comply with the limitations period.  Id.

Mr. Mazon twice sought reconsideration of the ABCMR's decision to deny his application for alteration of his discharge records.  On August 13, 1998, Mr. Mazon submitted a request for reconsideration of the ABCMR's decision, arguing that his original application was timely in that it was filed within three years of a decision of the Board of Veterans' Appeals granting him service connection for his psychiatric disorder.  Id. at 8.  The ABCMR denied the request for reconsideration on October 28, 1998.  Id.  On August 13, 2002, the ABCMR received a second request for reconsideration of its decision not to alter Mr. Mazon's discharge records.  Id.  The ABCMR director declined

---

[1]  Since Mr. Mazon was discharged from the Army on November 12, 1976, the statute of limitations for seeking review of his discharge expired on November 12, 1991.  The ARBA did not receive Mr. Mazon's application until November 19, 1991, one week after the expiration of the statutory period.

to submit the second request for reconsideration to the full ABCMR for review, concluding that the request contained no new evidence. Id. at 8–9.

On February 5, 2003, Mr. Mazon filed suit in the Court of Federal Claims, seeking, inter alia, alteration of his discharge records to reflect a disability discharge and the award of back pay. Id. at 9. The court determined that Mr. Mazon's claims for alteration of his discharge records and award of back pay accrued when the ADRB declined to consider his application for review of his discharge on or around March 11, 1992. Id. at 15. Applying the six year statute of limitations for claims filed in the Court of Federal Claims set forth at 28 U.S.C. § 2501, the court concluded that Mr. Mazon's claims, filed approximately eleven years after their accrual, were time-barred. Id. at 26. The court also concluded that Mr. Mazon had not demonstrated that the Army withheld evidence from him or that he was mentally incapable of comprehending his legal rights, and therefore declined to toll the statute of limitations. Id. at 17. We affirmed the Court of Federal Claims' decision to dismiss Mr. Mazon's claims as time barred in an unpublished opinion dated October 5, 2004, concluding that he had failed to establish entitlement to tolling of the statute of limitations due to legal disability. Mazon v. United States, 112 Fed. Appx. 774 (Fed. Cir. Oct. 5, 2004) ("Mazon II").

In 2005, Mr. Mazon filed yet another application for reconsideration before the ABCMR seeking alteration of his discharge records to reflect discharge on the basis of disability. Mazon III, slip op. at 1. On February 2, 2005, the ARBA informed Mr. Mazon that it could not locate his military records and that he could reapply for reconsideration when such records became available. Id.

On June 27, 2006, Mr. Mazon filed a second complaint in the Court of Federal Claims, arguing that the Court of Federal Claims improperly upheld the ABCMR's denials of his requests for reconsideration and declined to toll the six year statute of limitations. Id. The government moved to dismiss the complaint, asserting that jurisdiction over the claims was barred, inter alia, by the res judicata effect of the Court of Federal Claims' decision in Mazon I and by the statute of limitations. Id. at 2.

The Court of Federal Claims concluded that Mr. Mazon's complaint, to the extent it raised issues related to the 1994, 1998, and 2002 decisions of the ABCMR, was barred by res judicata. Id. The court concluded that Mr. Mazon's claims with respect to those ABCMR rulings were identical to his claims raised in Mazon I and that his presentation of "'new medical evidence'" and evidence of his treatment with the drug haldol did not alter the nature of his previous arguments so as to entitle him to a second hearing on the claims. Id. at 2–3. The court also concluded that Mr. Mazon's complaint, to the extent it challenged the 2005 decision of the ABCMR, was time-barred pursuant to 28 U.S.C. § 2501, as it arose more than six years after the ABCMR first denied his claims in November of 1994. Id. at 3.

II.

We review de novo the Court of Federal Claims' dismissal of Mr. Mazon's suit. Frazer v. United States, 288 F.3d 1347, 1351 (Fed. Cir. 2002) ("This court reviews de novo all legal determinations, including a dismissal by the Court of Federal Claims for lack of jurisdiction."); Dureiko v. United States, 209 F.3d 1345, 1355 (Fed. Cir. 2000) (reviewing de novo the application of collateral estoppel).

On appeal, Mr. Mazon appears to argue that the Army failed to disclose that it had treated him with the drug haldol during his three months of service and that the statute of limitations on his claims for discharge record alteration and award of back pay should be tolled until he learned of his having been treated with haldol in 2002. Mr. Mazon also appears to argue that he possesses new medical evidence that supports his claim to have his records changed to reflect discharge on the basis of medical disability.

To the extent that Mr. Mazon's appeal can be construed to challenge the 1994, 1998, and 2002 determinations of the ABCMR, we agree with the Court of Federal Claims that any challenge to those decisions is barred by res judicata. In Mazon I, the Court of Federal Claims concluded that Mr. Mazon's causes of action for alteration of discharge records and back pay accrued on March 11, 1992, when the ADRB declined to review his discharge, slip op. at 15, and the court therefore concluded that his claims were barred by 28 U.S.C. § 2501 in that they were filed roughly eleven years after accrual, well beyond the six year statutory period, id. at 26. The court also concluded that the statute of limitations should not be tolled, as Mr. Mazon had failed to demonstrate that the Army withheld evidence from him or that he was mentally incapable of bringing a claim during the statutory period. Id. at 17. We subsequently upheld that decision. See generally Mazon II. In Mazon III, the Court of Federal Claims concluded that Mr. Mazon's claims for disability retirement pay relating to the 1994, 1998, and 2002 decisions of the ABCMR were identical to his claims in Mazon I seeking record alteration and back pay. Mazon III, slip op. at 2. The court also concluded that Mr. Mazon's arguments for tolling the statute of limitations and consideration of "'new

medical evidence'" arose out of the same set of operational facts as his claims in <u>Mazon</u> <u>I</u> and were therefore barred from consideration by res judicata. <u>Id.</u> at 2–3.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980); <u>Young Eng'rs,</u> <u>Inc. v. Int'l Trade Comm'n</u>, 721 F.2d 1305, 1314 (Fed. Cir. 1983). Mr. Mazon's claims in <u>Mazon III</u> are essentially identical to his claims in <u>Mazon I</u>; in both cases, he sought to have his medical records changed to reflect medical discharge in order to obtain additional pay. Mr. Mazon, however, cannot re-litigate the claims previously presented before the Court of Federal Claims, regardless of whether he has now come forward with "'new medical evidence.'" <u>See</u> <u>Young Engr's</u>, 721 F.2d at 1314–15 (previously asserted claims arising out of the same set of transactional facts are barred under res judicata regardless of the discovery of new evidence that was previously available). With respect to his arguments for tolling the statute of limitations, Mr. Mazon has failed to demonstrate that evidence of the government's alleged withholding of the fact of his treatment with haldol was unavailable at the time of his filing his claims in <u>Mazon I</u>. Indeed, in that case, Mr. Mazon argued that his treatment with haldol supported a negligence claim under the Federal Tort Claims Act. <u>Mazon I</u>, slip op. at 26–27. Accordingly, Mr. Mazon could have argued in <u>Mazon I</u> that the statute of limitations should have been tolled due to the Army's alleged failure to disclose his haldol treatment, and he was therefore properly barred from arguing such in <u>Mazon III</u> under the doctrine of res judicata. <u>See</u> <u>Young Eng'rs</u>, 721 F.3d at 1314–15.

To the extent that Mr. Mazon's appeal can be construed to challenge the 2005 decision of the ABCMR, we agree with the Court of Federal Claims that his claim is barred by 28 U.S.C. § 2501. That statute provides in relevant part that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2000). The Court of Federal Claims concluded that Mr. Mazon's claim for altering his discharge order to reflect a disability discharge accrued in November of 1994, when the ABCMR first dismissed his application on statute of limitations grounds, and Mr. Mazon has produced no evidence to refute the correctness of that finding. Since Mr. Mazon filed his complaint challenging the 2005 ABCMR decision in the Court of Federal Claims in 2006, his complaint arose over eleven years after the 1994 accrual of his claim and is clearly barred by the six year statute of limitations.

We have considered Mr. Mazon's remaining arguments and find them to be without merit.

No costs.